**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CHRSTINE DeVOLK**

    Plaintiff,

v.                                            **Case No.: 8:04-CV-1275-T30-EAJ**

**JBC LEGAL GROUP, P.C. and
LORI BROWN,**

    Defendants.

_____/

**ORDER**

Before the court are **Plaintiff's Second Amended Motion for Order of Contempt and Sanctions** (Dkt. 47), **Defendant's First Response to Plaintiff's Order to Show Cause** (Dkt. 51) and **Defendant's Counsel's Motion to Withdraw** (Dkt. 49).

I.     <u>Plaintiff's Second Amended Motion for Order of Contempt and Sanctions</u>

Plaintiff seeks an order of contempt and sanctions against Defendant JBC Legal Group, P.C. ("JBC Legal Group"), nonparty Jack H. Boyajian ("Boyajian"), president and sole shareholder of JBC Legal Group, P.C., and nonparty Boyajian Law Offices, P.C, the alleged successor to JBC Legal Group. According to Plaintiff, on July 19, 2006, Plaintiff served a subpoena and notice of taking deposition on the corporate representative of JBC Legal Group for a deposition scheduled for September 8, 2006.[1] (Dkt. 47 at 1-2) Plaintiff asserts that no person appeared at the date, time and

---

[1] Contrary to Plaintiff's assertion, copies of the subpoena and notice of deposition are not attached to Plaintiff's second amended motion. (Dkt. 47) However, in December 2007, Plaintiff filed a notice in support of an earlier motion for contempt and sanctions. (Dkt. 42) The subpoena and notice were addressed to the corporate representative of JBC Legal Group, P.C., 2 Broad Street, 6th Floor, Bloomfield, New Jersey, 07003. (Dkt. 42-3 at 2)

place of the scheduled deposition.  Furthermore, Plaintiff contends that JBC Legal Group did not file a motion for protective order or contact Plaintiff's counsel regarding the deposition.  (Dkt. 47 at 2)  Pursuant to Fed. R. Civ. P. 45, Plaintiff seeks $1,000 in attorney's fees for preparation of the motion and deposition.  In addition, Plaintiff requests "that sanctions be levied of up to $250.00 a day after February 11, 2008 for each day they failed to show for deposition within the sound discretion of the Court for each day that the deponent and its representative, Jack Boyajian, fail to appear for deposition."  (Dkt. 47 at 3)   Plaintiff also requests that sanctions be reduced to a judgment against JBC Legal Group and that Boyajian be sentenced to prison for each day that he fails to appear for the deposition.  (Id.)

Defendant failed to file a timely response to Plaintiff's motion.  The court directed Defendant to show cause why Plaintiff's motion should not be granted.  (Dkt. 48)

In response to the show cause order, Boyajian, President of JBC Legal Group, P.C., asserts that he was not aware of the court's show cause order until February 26, 2008.  (Dkt. 51 at 1) Boyajian contends that Plaintiff served the subpoena and notice of deposition at a prior address for JBC Legal Group (2900 S. Harbor Blvd., Santa Ana, California) and thus Defendant never received the subpoena or notice.  (Id.) Defendant is willing to participate in a debtor's examination on proper notice and provides the court with two addresses where Plaintiff should serve any further notices.[2]

Fed. R. Civ. P. 45(e) provides that the issuing court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."  A subpoena issued on behalf of the court should be treated as a court order.  Fed. R. Civ. P. 45(a) advisory committee note

---

[2] Defendant asserts that Plaintiff's attorney should serve any notices to JBC Legal Group at the following addresses: 461 From Road, Suite 185, Paramus, New Jersey, 07652 or 4695 MacArthur Ct., 11th Floor, Newport Beach, California, 92660.  (Dkt. 51 at 2)

(1991 amend.)("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."). A party moving for contempt under Rule 45 must demonstrate by clear and convincing evidence that the alleged defiant witness violated an order of the court. United States v. Roberts, 858 F.2d 698, 700 (11th Cir. 1988).

Based on the present record, Plaintiff has not mets her burden of showing by clear and convincing evidence that Defendant violated a court order by failing to appear for a deposition. Plaintiff utilized a process server to serve the subpoena and notice upon Defendant at an address in Bloomfield, New Jersey. Jack Boyajian asserts that Defendant did not receive the subpoena or notice.[3] There is nothing in the record to establish that Defendant received the subpoena and notice or that a registered agent of the corporation accepted service of the subpoena and notice. Plaintiff has not submitted any documents or an affidavit from the process server confirming delivery of the subpoena and notice. Under the circumstances, Defendant has shown adequate excuse for failing to appear at the deposition. Moreover, Defendant contends that it is willing to participate in a deposition and provides current addresses for service of any filings. (Dkt. 51 at 2) Accordingly, Plaintiff's motion for contempt and sanctions is denied.

II.   Defendant's Counsel Motion to Withdraw

Mr. Golden seeks an order permitting him to withdraw his representation of Defendant in the above-styled case. (Dkt. 49) The court deferred ruling on this motion pending a response to the show cause order why Plaintiff's Second Amended Motion for Order of Contempt and Sanctions

---

[3] Apparently, Plaintiff did not serve copies of the subpoena and notice upon Defendant's counsel, Dale Thomas Golden, Esq.

(Dkt. 47) should not be granted. Defendant filed a response to the court's show cause order. (Dkts. 50 and 51)

In accordance with Local Rule 2.03(b), Mr. Golden states that he has given the required notice to Defendant and opposing counsel of his intention to withdraw from the case. However, pursuant to Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to practice in this court. Therefore, the motion is granted but Defendant shall obtain new counsel who shall file a notice of appearance within 20 days of this order. Defendant's failure to comply with the requirement to obtain legal representation may lead to sanctions, including default.

Accordingly, and upon consideration, it is **ORDERED** that:

(1)  **Plaintiff's Second Amended Motion for Order of Contempt and Sanctions** (Dkt. 47) is **DENIED**.

(2)  **Defendant's Counsel's Motion to Withdraw** (Dkt. 49) is **GRANTED**. Defendant shall obtain new counsel within 20 days of the date of this order.

**DONE AND ORDERED** in Tampa, Florida on this 18th day of April, 2008.

ELIZABETH A JENKINS
United States Magistrate Judge

4